UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
JEFFERSON CITY DIVISION

| | | |
|---|---|---|
| *TAMMY REED, INDIVIDUALLY AND AS NEXT-OF-KIN OF BRANDON PACE,* | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Cause No. 2:24-cv-04152 |
| *MISSOURI DEPARTMENT OF CORRECTIONS,* | ) ) ) | |
| *ANNE L. PRECYTHE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE DIRECTOR OF THE MISSOURI DEPARTMENT OF CORRECTIONS AT THE TIME OF CERTAIN EVENTS GIVING RISE TO THIS ACTION;* | ) ) ) ) ) ) ) | |
| *TREVOR FOLEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE MISSOURI DEPARTMENT OF CORRECTIONS;* | ) ) ) ) ) | |
| *MATT STURM, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE DEPUTY DIRECTOR OF THE MISSOURI DEPARTMENT OF CORRECTIONS AT THE TIME OF CERTAIN EVENTS GIVING RISE TO THIS ACTION;* | ) ) ) ) ) ) ) | |
| *VALARIE MOSELEY, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE DEPUTY DIRECTOR OF THE MISSOURI DEPARTMENT OF CORRECTIONS;* | ) ) ) ) ) ) | |
| *TRAVIS TERRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE DEPUTY DIRECTOR OF THE MISSOURI DEPARTMENT OF CORRECTIONS;* | ) ) ) ) ) | |
| *MATT BRIESACHER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS* | ) ) | |

1

GENERAL COUNSEL OF THE MISSOURI )
DEPARTMENT OF CORRECTIONS; )
)
 BROCK VAN LOO, INDIVIDUALLY AND )
IN HIS OFFICIAL CAPACITY AS )
WARDEN OF THE TIPTON )
CORRECTIONAL CENTER AT THE TIME )
OF THE EVENTS GIVING RISE TO THIS )
ACTION; )
)
CORRECTIONAL SUPERVISOR I TERRY )
PAYNE, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER III RANDY )
WITT, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER II JASON )
KIMBELL, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER II JOHN )
SAMUELS, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER I FNU )
SMITH, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER I FNU )
SALZMAN, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER II FNU )
BARKER, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER II JO )
MOLLAR, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER II BILLIE )
WEBB, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER III FNU )
WYATT, INDIVIDUALLY; )
)
CORRECTIONAL OFFICER I FNU WARD, )
INDIVIDUALLY; )
)
CORRECTIONAL OFFICER II EARL )
ROACH, INDIVIDUALLY; )
)

2

| | |
|---|---|
| *MODOC JOHN/JANE DOES, 1-20* | ) |
| *INDIVIDUALLY;* | ) |
| | ) |
| *CENTURION HEALTH, INC.;* | ) |
| | ) |
| *CENTURION HEALTH, LLC;* | ) |
| | ) |
| *CENTURION OF MISSOURI, LLC;* | ) |
| | ) |
| *NURSE NICOLE LNU, INDIVIDUALLY;* | ) |
| *AND* | ) |
| | ) |
| *CENTURION JOHN/JAN DOES 1-10, IN* | ) |
| *THEIR INDIVIDUAL CAPACITIES;* | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF CENTURION OF MISSOURI, LLC AND NICOLE TOWNSEND (INCORRECTLY NAMED NURSE NICOLE LNU)

COME NOW Defendants, Centurion of Missouri, LLC and Nicole Townsend, LPN (incorrectly named Nurse Nicole LNU) (hereinafter collectively "Defendants"), by and through their attorneys Sandberg Phoenix & von Gontard, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Complaint respectfully state as follows:

### I.    NATURE OF THE ACTION

1.    Defendants deny the allegations contained in paragraph 1 of Plaintiff's Petition;

2.    Defendants deny the allegations contained in paragraph 2 of Plaintiff's Petition;

3.    Defendants deny the allegations contained in paragraph 3 of Plaintiff's Petition;

4.    Defendants deny the allegations contained in paragraph 4 of Plaintiff's Petition;

5.    Paragraph 5 of Plaintiff's Complaint includes only legal conclusions to which no response is required.  Should paragraph 5 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

### II.    JURISDICTION AND VENUE

3

6. Paragraph 6 of Plaintiff's Complaint includes only legal conclusions to which no response is required. Should paragraph 6 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

7. Paragraph 7 of Plaintiff's Complaint includes only legal conclusions to which no response is required. Should paragraph 7 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

8. Paragraph 8 of Plaintiff's Complaint includes only legal conclusions to which no response is required. Should paragraph 8 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

### III. PARTIES

9. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 9, and therefore deny same;

10. Paragraph 10 of Plaintiff's Complaint includes only legal conclusions to which no response is required. Should paragraph 10 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

11. Defendants admit that the Missouri Department of Corrections is an agency of the State of Missouri and further admit that the Tipton Correctional Center is operated by the Missouri Department of Corrections. Except as expressly admitted herein, all other allegations contained in paragraph 11 are denied;

12. Defendants are without sufficient information to admit or deny the allegations of Paragraph 12, and therefore deny the same.

13. Defendants are without sufficient information to admit or deny the allegations of Paragraph 13, and therefore deny the same.

4

14.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 14, and therefore deny the same.

15.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 15, and therefore deny the same.

16.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 16, and therefore deny the same.

17.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 17, and therefore deny the same.

18.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 18, and therefore deny the same.

19.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 19, and therefore deny the same.

20.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 20, and therefore deny the same.

21.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 21, and therefore deny the same.

22.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 22, and therefore deny the same.

23.     Paragraph 23 of Plaintiff's Complaint includes only legal conclusions to which no response is required.  Should paragraph 23 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

24.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 24, and therefore deny the same.

5

25.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 25, and therefore deny the same.

26.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 26, and therefore deny the same.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Defendants admit that Centurion of Missouri, LLC is a limited liability company organized and existing under the Laws of the State of Missouri, and further admit that Centurion of Missouri, LLC entered into a contract with the Missouri Department of Corrections.  Except as expressly admitted herein, all other allegations contained in paragraph 28 are denied;

29.     Defendants deny the allegations of Paragraph 29;

30.     Defendants deny the allegations contained in paragraph 30;

31.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 31, and therefore deny the same.

32.     Paragraph 32 of Plaintiff's Complaint includes only legal conclusions to which no response is required.  Should paragraph 32 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

33.     Paragraph 33 of Plaintiff's Complaint includes only legal conclusions to which no response is required.  Should paragraph 33 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

34.     Defendants deny the allegations of Paragraph 34.

## IV. FACTS

35.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 35, and therefore deny the same.

6

36.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 36, and therefore deny the same.

37.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 37, and therefore deny the same.

38.    Defendants admit that Brandon Pace was an offender in the Missouri Department of Corrections on April 7, 2023 and housed at the Tipton Correctional Center.  Except as expressly admitted herein, all other allegations contained in Paragraph 38 are denied.

39.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 39, and therefore deny the same.

40.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 40, and therefore deny the same.

41.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 41, and therefore deny the same.

42.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 42, and therefore deny the same.

43.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 43, and therefore deny the same.

44.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 44, and therefore deny the same.

45.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 45, and therefore deny the same.

46.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 46, and therefore deny the same.

7

47.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 47, and therefore deny the same.

48.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 48, and therefore deny the same.

49.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 49, and therefore deny the same.

50.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 50, and therefore deny the same.

51.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 51, and therefore deny the same.

52.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 52, and therefore deny the same.

53.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 53, and therefore deny the same.

54.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 54, and therefore deny the same.

55.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 55, and therefore deny the same.

56.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 56, and therefore deny the same.

57.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 57, and therefore deny the same.

58.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 58, and therefore deny the same.

59.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 59, and therefore deny the same.

60.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 60, and therefore deny the same.

61.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 61, and therefore deny the same.

62.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 62, and therefore deny the same.

63.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 63, and therefore deny the same.

64.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 64, and therefore deny the same.

65.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 65, and therefore deny the same.

66.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 66, and therefore deny the same.

67.    Defendants deny the allegations contained in Paragraph 67.

68.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 68, and therefore deny the same.

69.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 69, and therefore deny the same.

70.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 70, and therefore deny the same.

71.     Defendants deny the allegations contained in Paragraph 71.

72.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 72, and therefore deny the same.

73.     Defendants deny the allegations contained in paragraph 73.

74.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 74, and therefore deny the same.

75.     Defendants admit that Brandon Pace received such medical care as is more fully reflected in his medical, institutional and other records and as may be recalled by his health care providers.  Except as expressly admitted herein, all other allegations contained in paragraph 75 are denied.

76.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 76, and therefore deny the same.

77.     Defendants admit that Brandon Pace received such medical care as is more fully reflected in his medical, institutional and other records and as may be recalled by his health care providers.  Except as expressly admitted herein, all other allegations contained in paragraph 77 are denied.

78.     Defendants admit that Brandon Pace received such medical care as is more fully reflected in his medical, institutional and other records and as may be recalled by his health care providers.  Except as expressly admitted herein, all other allegations contained in paragraph 78 are denied.

26806375.v1

79.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 79, and therefore deny the same.

80.     Defendants admit that Brandon Pace received such medical care as is more fully reflected in his medical, institutional and other records and as may be recalled by his health care providers.  Except as expressly admitted herein, all other allegations contained in paragraph 80 are denied.

81.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 81, and therefore deny the same.

82.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 82, and therefore deny the same.

83.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 83, and therefore deny the same.

84.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 84, and therefore deny the same.

85.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 85, and therefore deny the same.

86.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 86, and therefore deny the same.

87.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 87, and therefore deny the same.

88.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 88, and therefore deny the same.

26806375.v1

89.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 89, and therefore deny the same.

90.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 90, and therefore deny the same.

91.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 91, and therefore deny the same.

92.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 92, and therefore deny the same.

93.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 93, and therefore deny the same.

94.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 94, and therefore deny the same.

95.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 95, and therefore deny the same.

96.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 96, and therefore deny the same.

97.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 97, and therefore deny the same.

98.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 98, and therefore deny the same.

99.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 99, and therefore deny the same.

26806375.v1

100.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 100, and therefore deny the same.

101.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 101, and therefore deny the same.

102.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 102, and therefore deny the same.

103.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 103, and therefore deny the same.

104.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 104, and therefore deny the same.

105.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 105, and therefore deny the same.

106.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 106, and therefore deny the same.

107.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 107, and therefore deny the same.

108.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 108, and therefore deny the same.

109.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 109, and therefore deny the same.

110.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 110, and therefore deny the same.

26806375.v1

111.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 111, and therefore deny the same.

112.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 112, and therefore deny the same.

113.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 113, and therefore deny the same.

114.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 114, and therefore deny the same.

115.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 115, and therefore deny the same.

116.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 116, and therefore deny the same.

117.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 117, and therefore deny the same.

118.    Paragraph 118 of Plaintiff's Complaint includes only legal conclusions to which no response is required.   Should paragraph 118 be deemed to make allegations of fact against Defendants, then all such allegations are denied;

119.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 119, and therefore Defendants deny the same.

120.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 120, and therefore Defendants deny the same.

121.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 121, and therefore Defendants deny the same.

14

122.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 122, and therefore Defendants deny the same.

123.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 123, and therefore deny the same.

124.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 124, and therefore deny the same.

125.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 125, and therefore deny the same.

126.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 126, and therefore deny the same.

127.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 127, and therefore deny the same.

128.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 128, and therefore deny the same.

129.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 129, and therefore deny the same.

130.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 130, and therefore deny the same.

131.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 131, and therefore deny the same.

132.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 132, and therefore deny the same.

133. Defendants are without sufficient information to admit or deny the allegations of Paragraph 133, and therefore deny the same.

134. Defendants are without sufficient information to admit or deny the allegations of Paragraph 134, and therefore deny the same.

135. Defendants are without sufficient information to admit or deny the allegations of Paragraph 135, and therefore deny the same.

136. Defendants are without sufficient information to admit or deny the allegations of Paragraph 136, and therefore deny the same.

137. Defendants are without sufficient information to admit or deny the allegations of Paragraph 137, and therefore deny the same.

138. Defendants are without sufficient information to admit or deny the allegations of Paragraph 138, and therefore deny the same.

139. Defendants are without sufficient information to admit or deny the allegations of Paragraph 139, and therefore deny the same.

140. Defendants are without sufficient information to admit or deny the allegations of Paragraph 140, and therefore deny the same.

141. Defendants are without sufficient information to admit or deny the allegations of Paragraph 141, and therefore deny the same.

142. Paragraph 142 of Plaintiff's Complaint includes only legal conclusions to which no response is required. Should paragraph 142 be deemed to make allegations of fact against Defendants, then all such allegations are denied.

143. Defendants admit that Centurion of Missouri, LLC has a contract with the Missouri Department of Corrections pursuant to which Centurion of Missouri, LLC provides certain medical

26806375.v1

and dental services to offenders in the Missouri Department of Corrections system. Except as expressly admitted herein, all other allegations contained in paragraph 143 are denied.

144.    Defendants admit that Centurion of Missouri, LLC has a contract with the Missouri Department of Corrections pursuant to which Centurion of Missouri, LLC provides certain medical and dental services to offenders in the Missouri Department of Corrections system. Except as expressly admitted herein, all other allegations contained in paragraph 144 are denied.

145.    Defendants deny the allegations of Paragraph 145.

146.    Defendants deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147.

148.    Defendants deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.

<u>**COUNT 1**</u>
**BREACH OF CONTRACT AS A THIRD-PARTY BENEFICIARY**
**Against MODOC and Centurion**

Count 1 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 1 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 1. Should Defendants be deemed to be required to respond to the allegations contained in Count 1, Defendants deny every allegation contained in Count 1, paragraphs 150 through 157, and state that Count 1 of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully responded to Count 1 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 1, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

<u>**COUNT 2**</u>
**42 USC § 1983 (EXCESSIVE FORCE)**

17

**Against the Correctional Officer Defendants**

Count 2 of Plaintiff's Complaint is not directed toward Defendants. Thus, Defendants are not required to respond to the allegations contained in Count 2. Should Defendants be deemed to be required to respond to the allegations contained in Count 2, Defendants deny every allegation contained in Count 2, paragraphs 158 through 169.

WHEREFORE, having fully responded to Count 2 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 2, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

## COUNT 3
### 42 USC § 1983 (DELIBERATE INDIFFERENCE)
**Against the Correctional Officer Defendants, the Medical Personnel Defendants, and Centurion**

Count 3 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 3 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 3. Should Defendants be deemed to be required to respond to the allegations contained in Count 3, Defendants deny every allegation contained in Count 3, paragraphs 170 through 182, and state that Count 3 of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully responded to Count 3 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 3, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

## COUNT 4
### 42 USC § 1985(3) (CIVIL RIGHTS CONSPIRACY)
**Against Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their Individual Capacities, Correctional Officer Defendants, Medical Personnel Defendants, and Centurion**

26806375.v1

Count 4 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 4 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 4. Should Defendants be deemed to be required to respond to the allegations contained in Count 4, Defendants deny every allegation contained in Count 4, paragraphs 183 through 193, and state that Count 4 of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully responded to Count 4 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 4, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

### COUNT 5
### 42 USC § 1983 (*MONELL* - UNCONSTITUTIONAL POLICIES, CUSTOMS, AND PRACTICES)
### Against MODOC, Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their Official Capacities, Correctional Officer Defendants, Medical Personnel Defendants, and Centurion

Count 5 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 5 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 5. Should Defendants be deemed to be required to respond to the allegations contained in Count 5, Defendants deny every allegation contained in Count 5, paragraphs 194 through 204, and state that Count 5 of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully responded to Count 5 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 5, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

### COUNT 6
### 42 USC § 1983 (*MONELL* – FAILURE TO TRAIN OR SUPERVISE)

**Against MODOC, Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their Official Capacities, Correctional Officer Defendants, Medical Personnel Defendants, and Centurion**

Count 6 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 6 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 6. Should Defendants be deemed to be required to respond to the allegations contained in Count 6, Defendants deny every allegation contained in Count 6, paragraphs 205 through 220, and state that Count 6 of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully responded to Count 6 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 6, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

## COUNT 7
**42 USC § 1983 (DEPRIVATION OF COMPANIONSHIP AND SOCIETY) Against the Correctional Officer Defendants, Medical Personnel Defendants, and Centurion**

Count 7 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 7 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 7. Should Defendants be deemed to be required to respond to the allegations contained in Count 7, Defendants deny every allegation contained in Count 7, paragraphs 221 through 228, and state that Count 7 of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having fully responded to Count 7 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 7, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

## COUNT 8

20

**ASSAULT AND BATTERY**
**Against the Correctional Officer Defendants**

Count 8 of Plaintiff's Complaint is not directed toward Defendants. Thus, Defendants are not required to respond to the allegations contained in Count 8. Should Defendants be deemed to be required to respond to the allegations contained in Count 8, Defendants deny every allegation contained in Count 8, paragraphs 229 through 234.

WHEREFORE, having fully responded to Count 8 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 8, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

**COUNT 9**
**LOST CHANCE OF RECOVERY AND SURVIVAL**
**UNDER MO. REV. STAT. §537.020**
**Against Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their Individual Capacities, Correctional Officer Defendants, Medical Personnel Defendants, and Centurion**

Count 9 of Plaintiff's Complaint is the subject of Defendants' Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference. Because Count 9 is the subject of Defendants' Motion, Defendants are not required to respond to the allegations contained in Count 9. Should Defendants be deemed to be required to respond to the allegations contained in Count 9, Defendants deny every allegation contained in Count 9, paragraphs 235 through 244, and state that Count 9 of Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff lacks standing to bring this claim.

WHEREFORE, having fully responded to Count 9 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 9, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

**COUNT 10**
**WRONGFUL DEATH UNDER MO. REV. STAT. § 537.080**

26806375.v1

**Against Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their Individual Capacities, Correctional Officer Defendants, Medical Personnel Defendants, and Centurion**

245. Defendants incorporate herein by reference their responses to paragraphs 1 through 149 of Plaintiff's Complaint.

246. Defendants deny the allegations of paragraph 246.

247. Defendants deny the allegations of paragraph 247.

248. Defendants deny the allegations of paragraph 248.

249. Defendants deny the allegations of paragraph 249.

250. Defendants deny the allegations of paragraph 250.

251. Defendants deny the allegations of paragraph 251.

252. Defendants deny the allegations of paragraph 252.

253. Defendants deny the allegations of paragraph 253.

WHEREFORE, having fully responded to Count 10 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 10, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

## COUNT 11
### SUNSHINE LAW VIOLATION
**Against MODOC, and Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their Individual Capacities**

Count 11 of Plaintiff's Complaint is not directed toward Defendants. Thus, Defendants are not required to respond to the allegations contained in Count 11. Should Defendants be deemed to be required to respond to the allegations contained in Count 8, Defendants deny every allegation contained in Count 11, paragraphs 254 through 260.

WHEREFORE, having fully responded to Count 11 of Plaintiff's Complaint, Defendants respectfully pray that this Court dismiss Count 11, at Plaintiff's cost, and for such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

261.     Defendants join Plaintiff in the request for a jury trial on all issues triable by jury and move this Court to bifurcate any claims that cannot be tried to a jury.

## AFFIRMATIVE DEFENSES

1.     In further answer and defense, and as more fully stated in Defendants' Motion to Dismiss and Memorandum of Law in Support of Defendants' Motion to Dismiss, both of which are incorporated herein by reference, Counts 1 and 3-7 & 9 fail to state a claim upon which relief can be granted.

2.     In further answer and defense, Plaintiff lacks standing to assert the claims contained in Count 9 of Plaintiff's Complaint.

3.     In further answer and defense, Defendants intend to rely upon the rights and benefits of R.S.MO. Chapter 538 and 537 R.S.Mo., including all subparts and amendments thereto, and request the damage caps set forth in §538.210, the limitations on liability for non-employees in §538.210, and the prohibition on post-judgment interest pursuant to § 538.300.

4.     In further answer and defense, Defendants request an apportionment of fault among all parties to this suit, including Plaintiff, and among all tort-feasors who might settle with Plaintiff. Should there be no apportionment of fault with settling defendants, then Defendants seek a reduction/credit for any settlement monies received by Plaintiff from any tort-feasor under R.S.MO. §537.060.

5.     In further answer and defense, Defendants request the limitations on joint and

26806375.v1

several liability found in R.S.Mo. § 537.067.

6.     In further answer and defense, as to the claims for punitive damages contained in Count 10, such claims cannot be included in an initial pleading pursuant to R.S.MO. § 510.261 and thus must be dismissed and/or stricken.

7.     In further answer and defendants, Defendants incorporate herein by reference any affirmative defenses asserted by any other party to this action and expressly reserve the right to assert additional affirmative defenses.

SANDBERG PHOENIX & von GONTARD P.C.


By:          */s/Dennis S. Harms*
            Dennis S. Harms, #58937
            701 Market Street, Suite 600
            St. Louis, MO  63101-1826
            314-231-3332
            314-241-7604 (Fax)
            dharms@sandbergphoenix.com

            *Attorneys for Defendants*
            *Centurion of Missouri, LLC and*
            *Nicole Townsend, LPN*

## Certificate of Service

I hereby certify that on this 9th day of October 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Thomas J. Porto
The Popham Law Firm
Email: tporto@pophamlaw.com
***Attorney for Plaintiff***

Lynn A. Ellenberger, Esq.
Pro Hac Vice
Fegan Scott LLC
lynn@feganscott.com
***Attorney for Plaintiff***

Fola Soluade
Assistant Attorney General – Missouri
Fola.Soluade@ago.mo.gov
***Attorney for MDOC Defendants***

*/s/Dennis S. Harms*
_____

25