# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAMMY REED, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-04152-BCW |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS *et al.*, | ) |
| | ) |
|     *Defendants*. | ) |

## MDOC DEFENDANTS' MOTION TO DISMISS

## AND SUGGESTIONS IN SUPPORT

COMES NOW Defendants Missouri Department of Corrections ("MDOC"), Anne Precythe, Trevor Foley, Matt Sturm, Valarie Moseley, Travis Terry, Matt Briesacher, Brock Van Loo, Terry Payne, Randy Witt, Jason Kimbell, Jo Moller, Billie Webb, Curtis Smith, Kacee Salzman, John Samuel, Earl Roach, and Stephen Ward (collectively "MDOC Defendants"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 12(b)(1) and (6) moves the Court to dismiss various Counts in Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim. In support, MDOC Defendants state as follows:

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 4

BACKGROUND ............................................................................................................... 7

LEGAL STANDARD ........................................................................................................ 7

ARGUMENT .................................................................................................................... 8

I.  Plaintiff's claims against MDOC in Counts 1, 5, 6, and 11; and against Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in Counts 5 and 6 are barred by the Eleventh Amendment or otherwise fail as a matter of law. ................... 8

   A.  *Plaintiff's claims for damages against state entity MDOC and state officials Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their official capacities are barred by the Eleventh Amendment.* ......................................................... 8

   B.  *State entity MDOC and state officials Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their official capacities are not persons subject to suit under Section 1983.* ................................................................................................ 9

II. Defendants MDOC, Precythe, Foley, Sturm, Moseley, Terry, Briesacher, Van Loo, Payne, Witt, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward are not subject to *Monell* liability. ............................................................. 10

III. Plaintiff's Complaint fails to state a claim of excessive use of force against Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward. ............................................................................................................ 11

IV. Plaintiff has failed to plead a cognizable claim under 42 U.S.C. § 1985(3). ...... 12

V.  The allegations in Plaintiff's Complaint do not rise to a claim under Missouri Revised Statute Section 537.020 which governs survival actions. .............................. 12

VI. Deprivation of Companionship and Society is not a separate and distinct cause of action in this case. ........................................................................................... 13

**VII. Plaintiff's Complaint fails to state assault and battery claims against Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward.** .................................................................................................................... 13

   *A. Plaintiff has not sufficiently pled a claim of assault.* ............................................. 14

   *B. Plaintiff has not sufficiently pled the required elements of battery.* ...................... 14

**VIII. Plaintiff has not stated a Sunshine Law Violation claim against Precythe, Foley, Sturm, Moseley, Terry, or Van Loo.** ................................................................. 15

**CONCLUSION** ............................................................................................................ 16

**CERTIFICATE OF SERVICE** ................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews v. Neer*,
   253 F.3d 1052 (8th Cir. 2001) ............................................................................... 11, 12

*Armoneit v. Ezell*,
   59 S.W.3d 628 (Mo. App. E.D. 2001) ......................................................................... 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 6

*Ashley Cty., Ark. v. Pfizer, Inc.*,
   552 F.3d 659 (8th Cir. 2009) ....................................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 7

*Bridges v. Van Enterprises*,
   992 S.W.2d 322 (Mo. App. S.D. 1999) ..................................................................... 12

*Devitre v. Orthopedic Ctr. of St. Louis, LLC*,
   349 S.W.3d 327 (Mo. 2011) ....................................................................................... 13

*Farmer v. Brennan*,
   511 U.S. 825 (1994) ................................................................................................... 10

*Francisco v. Corizon Health, Inc.*,
   108 F.4th 1072 (8th Cir. 2024) ................................................................................... 9

*Geiger v. Bowersox*,
   974 S.W.2d 513 (Mo. App. E.D. 1998) ..................................................................... 13

*Griffin v. Breckenridge*,
   403 U.S. 88 (1971) ..................................................................................................... 11

*Hafer v. Melo*,
 502 U.S. 21 (1991) ............................................................................................................. 7

*Howlett By & Through Howlett v. Rose*,
 496 U.S. 356 (1990) ........................................................................................................... 8

*Keselyak v. Curators of the University of Missouri*,
 200 F. Supp. 3d 849 (W.D. Mo. 2016) ............................................................................... 6

*Kokkonen v. Guardian Life Ins. Co.*,
 511 U.S. 375 (1994) ........................................................................................................... 6

*Martin v. Yeoham*,
 419 S.W.2d 937 (Mo. App. 1967) .................................................................................... 13

*Mayorga v. Missouri*,
 442 F.3d 1128 (8th Cir. 2006) .......................................................................................... 10

*McKlintic v. 36th Jud. Cir. Ct.*,
 508 F.3d 875 (8th Cir. 2007) .............................................................................................. 8

*Monell v. Dep't of Soc. Servs.*,
 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ........................................................ 9

*Monroe v. Ark. State Univ.*,
 495 F.3d 591 (8th Cir. 2007) .............................................................................................. 7

*Pennhurst State School & Hospital v. Halderman*,
 465 U.S. 89 (1984) ............................................................................................................. 7

*Powell v. Am. Motors Corp.*,
 834 S.W.2d 184 (Mo. 1992) ............................................................................................. 12

*Quern v. Jordan*,
 440 U.S. 332 (1979) ........................................................................................................... 7

*Schaaf v. Residential Funding Corp.*,
 517 F.3d 544 (8th Cir. 2008) .............................................................................................. 6

*Spradlin v. City of Fulton*,
 982 S.W.2d 255 (Mo. 1998) ............................................................................................. 14

*Starr v. Jackson Cnty. Prosecuting Att'y*,
  635 S.W.3d 185 (Mo. App. W.D. 2021) ................................................................ 14
*White v. Jackson*,
  865 F.3d 1064 (8th Cir. 2017) ............................................................................... 10
*Wilkins v. Gaddy*,
  559 U.S. 34 (2010) ................................................................................................ 10
*Will v. Michigan Dept. of State Police*,
  491 U.S. 58 (1989) ............................................................................................. 8, 9

**Statutes**

42 U.S.C. § 1983 ........................................................................................... 7, 8, 9, 10
42 U.S.C. § 1985(3) ............................................................................................. 2, 11
RSMo, § 537.020 ................................................................................................. 2, 11
RSMo, § 537.090 ..................................................................................................... 12
RSMo, § 610.023 ..................................................................................................... 14
RSMo, § 610.027.4 .................................................................................................. 14

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 6
Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 6

# BACKGROUND[1]

Plaintiff Tammy Reed ("Plaintiff") filed suit individually and as next-of-kin of Brandon Pace ("Pace") against MDOC Defendants, John/Jane Doe Corrections Officers, and Centurion medical providers. Doc. 1. Plaintiff asserted eleven different counts all stemming from the death of her son Brandon Pace who was serving a prison sentence in Tipton Correctional Center. *Id.* As discussed below, a number of these Counts are subject to dismissal for lack of subject-matter jurisdiction or failure to state a claim.

# LEGAL STANDARD

As federal courts are courts of limited jurisdiction, the burden rests upon Plaintiff to establish that jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction is lacking when claims are barred by the Eleventh Amendment. *Keselyak v. Curators of the University of Missouri*, 200 F. Supp. 3d 849, 853, 856 (W.D. Mo. 2016). Fed. R. Civ. P. 12(b)(1) permits dismissal on such a basis.

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim for relief "must include sufficient factual information to provide the 'ground' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th

---

[1] For purposes of this Motion to Dismiss, all facts from the Plaintiff's Complaint must be considered true. *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Defendants are not conceding any of the facts stated are true.

Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ARGUMENT

**I. Plaintiff's claims against MDOC in Counts 1, 5, 6, and 11; and against Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in Counts 5 and 6 are barred by the Eleventh Amendment or otherwise fail as a matter of law.**

Federal actions against the State of Missouri and its agencies are proscribed by the Eleventh Amendment in the absence of their consent to the same. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* Eleventh Amendment immunity also extends to state officials acting in their official capacity sued for monetary relief. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). While 42 U.S.C. Section 1983 provides a remedial vehicle for raising constitutional violations, it does not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 338–40 (1979).

> *A. Plaintiff's claims for damages against state entity MDOC and state officials Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their official capacities are barred by the Eleventh Amendment.*

Plaintiff seeks compensatory and punitive damages, attorney's fees, costs and disbursements against MDOC and these individual defendants. Doc. 1, ¶ 261. MDOC "is a state agency." *Id.* at ¶ 11. Each individual defendant is a state official performing official duties for state agency MDOC. *Id.* at ¶¶ 12–20. And each individual is being sued

8

under Counts 5 and 6 in their official capacities. *Id.* at pp. 38, 41 (titles of Counts 5 and 6 specifically state that these defendants are being sued in their official capacities). But monetary relief against these defendants are barred by the Eleventh Amendment because neither MDOC nor the individual defendants as state officials acting in their official capacities consented to this suit or otherwise indicated an intent to submit to this Court's jurisdiction. *See McKlintic v. 36th Jud. Cir. Ct.*, 508 F.3d 875, 877 (8th Cir. 2007) (requiring voluntarily invocation of federal jurisdiction or clear declaration of intent to submit itself to federal jurisdiction).

> B. *State entity MDOC and state officials Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their official capacities are not persons subject to suit under Section 1983.*

It is well-established that "a suit against a state official in [his] official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). But, neither the State nor the office is a "person" subject to suit under Section 1983. *Id.* Further, a state entity "with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Plaintiff brought Counts 5 and 6 against MDOC, a state entity; and against state officials Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo in their official capacities. For these Counts, Plaintiff seeks compensatory and punitive damages, attorney's fees, costs and disbursements. Doc. 1, ¶ 261. Consequently, none of these

defendants are "persons" subject to suit for damages under Section 1983.

Therefore, Plaintiff's claims against MDOC in Counts 1, 5, 6, and 11 and Plaintiff's claims against Precythe, Foley, Sturm, Moseley, Terry, Briesacher, and Van Loo Counts 5 and 6 should be dismissed.

**II. Defendants MDOC, Precythe, Foley, Sturm, Moseley, Terry, Briesacher, Van Loo, Payne, Witt, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward are not subject to *Monell* liability.**

Plaintiff brings *Monell* claims against the individual MDOC Defendants in Counts 5 and 6. However, while discussing *Monell* liability the Eighth Circuit held that "[l]iability for an unconstitutional custom, practice, or policy under 42 U.S.C. § 1983 rests with the responsible governmental entity." *Francisco v. Corizon Health, Inc.*, 108 F.4th 1072, 1080 (8th Cir. 2024) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Therefore, where the named Defendant "is not a governmental entity, [they are] not a proper party for this claim." *Francisco*, 108 F.4th at 1080. Plaintiff also brings *Monell* claims against MDOC, a state entity, but such claims do not apply "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 491 U.S. at 70. Therefore, Plaintiff's *Monell* claims in Counts 5 and 6 should be dismissed.

## III. Plaintiff's Complaint fails to state a claim of excessive use of force against Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward.

Section 1983 liability is personal. *White v. Jackson*, 865 F.3d 1064, 1080–81 (8th Cir. 2017). "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Id.* Further, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006).

Common sense dictates that a claim for excessive use of force requires a level of physical contact whether it is by the defendant or some object the defendant uses to make contact with the plaintiff. *See, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (describing physical contact and touch as an element of an Eighth Amendment claim); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("Eighth Amendment places restraints on prison officials, who may not, for example, use excessive *physical* force against prisoners.") (emphasis added).

Plaintiff's Eighth Amendment claim, thus rests on the use of pepper spray. Doc. 1, ¶ 163. Although in Count 2, Plaintiff attempts to attribute this use of pepper spray collectively to "Correctional Officer Defendants," the Complaint makes it clear that only one correctional officer sprayed the chemical agent. *Id.* at ¶ 60. Because liability under Section 1983 is personal, in the absence of allegations that the other correctional officers used this pepper spray, Plaintiff has failed to state a claim of excessive force against Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward. Therefore,

11

Plaintiff's Excessive Force claim in Count 2 against Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward should be dismissed.

IV. **Plaintiff has failed to plead a cognizable claim under 42 U.S.C. § 1985(3).**

Cases interpreting § 1985(3) make it clear that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Here, Plaintiff does not allege racial animus nor does she make factual allegations illustrating that Pace was a member of any protected class. *See generally* Doc. 1. Therefore, Count 4 should be dismissed.

V. **The allegations in Plaintiff's Complaint do not rise to a claim under Missouri Revised Statute Section 537.020 which governs survival actions.**

Plaintiff's claim for lost chance of survival alleges nearly identical facts as her wrongful death claim. *See* Doc. 1, ¶¶ 235–244. Section 537.020 "unambiguously authorizes the survival of claims that arise from non-fatal personal injuries where the injured party later dies of *unrelated* causes." *Andrews v. Neer*, 253 F.3d 1052, 1057 (8th Cir. 2001) (emphasis added). This means that the statute's application is clearly limited to "cases where the personal injury did not cause the decedent's death." *Id.* Plaintiff's allegations that Pace was pepper sprayed, restrained, and denied medical care are the exact injuries that she alleges caused his death. Where the subject of the claim for injuries are the injuries that resulted in the decedent's death, the Missouri survival statute does not apply. *Id.* "The Missouri Supreme Court has declared the wrongful death statute to be the sole source of a cause of action in Missouri where the injuries sustained by the

decedent caused the decedent's death." *Id.* at 1058. Consequently, Count 9 should be dismissed.

VI. **Deprivation of Companionship and Society is not a separate and distinct cause of action in this case.**

Missouri does not recognize a cause of action for loss of filial consortium. *Powell v. Am. Motors Corp.*, 834 S.W.2d 184, 188 (Mo. 1992). A separate cause of action for loss of consortium may be brought by the injured party's spouse, not the decedent's parents. *Id.* While it is not a separate cause of action, RSMo, § 537.090 permits the trier of fact to award parties bringing actions under § 537.080 damages that encompass loss of "consortium, companionship, comfort, . . . support." RSMo, § 537.090. This statute applies to "damages for loss of consortium following death." *Bridges v. Van Enterprises*, 992 S.W.2d 322, 325 (Mo. App. S.D. 1999). The Missouri Supreme Court discussed and denied the claim that the absence of a separate cause of action for loss of filial consortium violated the Fourteenth Amendment, foreclosing such a claim based in Missouri law. *Powell*, 834 S.W.2d at 191. As such, Plaintiff's claim for the deprivation of companionship and society in Count 7 must be dismissed.

VII. **Plaintiff's Complaint fails to state assault and battery claims against Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward.**

"Although commonly pleaded as 'assault and battery' because battery is considered 'the consummation of an assault,' assault and battery are two distinct causes

of action." *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. 2011).

### A. Plaintiff has not sufficiently pled a claim of assault.

"An assault is any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Armoneit v. Ezell*, 59 S.W.3d 628, 632 (Mo. App. E.D. 2001). "[G]enerally speaking an assault is merely an unlawful attempt or offer to *use force* to the injury of another." *Martin v. Yeoham*, 419 S.W.2d 937, 946 (Mo. App. 1967) (emphasis added). Without pleading facts illustrating that Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward threatened or used force, Plaintiff summarily attributes the use of force to all Defendants. Doc. 1, ¶ 230. However, the use of force—namely the use of pepper spray—is attributed to only one corrections officer elsewhere in the Complaint. *Id.* at ¶ 60. Therefore, Plaintiff's assault claim against Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward should be dismissed for failure to state a claim.

### B. Plaintiff has not sufficiently pled the required elements of battery.

"A battery is the willful *touching* of the person of another, and has been said to be the consummation of the assault." *Armoneit*, 59 S.W.3d at 632 (emphasis added). Battery is also described as "an intended, offensive bodily contact with another." *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. App. E.D. 1998). Plaintiff fails to plead any facts that Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward willfully touched or otherwise made contact with Pace. *See generally,* Doc. 1. The

only touching identified is the use of the pepper spray, which Plaintiff attributes to a singular corrections officer. *Id.* at ¶ 60. Therefore, Plaintiff's battery against Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward should be dismissed for failure to state a claim.

Thus, Count 8 should be dismissed against Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward.

### VIII. Plaintiff has not stated a Sunshine Law Violation claim against Precythe, Foley, Sturm, Moseley, Terry, or Van Loo.

Missouri Revised Statute Section 610.027.4, under which Plaintiff brings her Sunshine claim, states that a civil penalty can be assessed against "a member of a public governmental body" that "has purposely violated sections 610.010 to 610.026." *Id.* Under a plain reading of this statute to impose individual liability, the member must have perpetrated the violation. *See, e.g.*, *Spradlin v. City of Fulton*, 982 S.W.2d 255, 262 (Mo. 1998) ("To purposely violate the open meetings law a member of a public governmental body must exhibit a 'conscious design, intent, or plan' to violate the law and do so 'with awareness of the probable consequences.'"). Aside from a legally conclusory statement near the end of Count 11, Plaintiff's Complaint is devoid of allegations that she made records requests to Precythe, Foley, Sturm, Moseley, and Terry or that they specifically denied her requests for documents. *See* Doc. 1, ¶¶ 93–115, 259.

Under RSMo, § 610.023, a Sunshine request must be directed to the custodian. *Starr v. Jackson Cnty. Prosecuting Att'y*, 635 S.W.3d 185, 190 (Mo. App. W.D. 2021) ("The custodian of records is identified by [§] 610.023 ... as the single recipient for all

15

requests for access to a governmental body's records."). Plaintiff identifies Van Loo as the "Warden of the Tipton Correctional Center" but makes no allegation that he was the custodian of records nor that he was tasked with producing documents or otherwise responding to requests. Doc. 1, ¶ 20.

Therefore, Plaintiff has failed to state a claim in Count 11 against Precythe, Foley, Sturm, Moseley, Terry, and Van Loo and it should be dismissed.

## CONCLUSION

For the foregoing reasons, MDOC Defendants respectfully request this Court dismiss Counts 1, 4, 5, 6, 7, and 9 against all MDOC defendants; Counts 2 and 8 against Defendants Payne, Kimbell, Moller, Webb, Smith, Salzman, Samuel, Roach, and Ward; and Count 11 against MDOC, Precythe, Foley, Sturm, Moseley, Terry, and Van Loo, in addition to such further relief as deemed just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Fola Soluade*
Folafoluwa Soluade #76012MO
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 821-3622
Email: Fola.Soluade@ago.mo.gov
*Attorney for MDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

<i>/s/ Fola Soluade</i><br>
Folafoluwa Soluade<br>
Assistant Attorney General