IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TAMMY REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-CV-04152-BCW |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for a Protective Order. (Doc. #59). The Court, being duly advised of the premises, grants said motion pursuant to the following modifications:

**1.** **Scope.** During the course of this litigation, certain categories of documents identified below may be requested and produced in the course of discovery. The Parties intend to protect the categories of information specifically identified below and acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.** **Definition of Confidential Information.** As used in this Protective Order, "Confidential Information" may be designated as such by the producing Party and limited to the following categories of document or information:

    **(a)** Any personal identifying information ("PII") limited to home address, telephone numbers, email addresses, social security numbers, bank account information, and credit card account information;

    **(b)** Medical records and protected health information ("PHI"), as that term is defined by federal law;

    **(c)** Personnel and disciplinary files of Missouri Department of Corrections ("MODOC") or Centurion of Missouri, LLC ("Centurion") employees;

1

**(d)** Offender correctional files;

**(e)** Documents relating to the investigation of Brandon Pace's death;

**(f)** Video footage showing Brandon Pace's death;

**(g)** Security footage, maps, or charts depicting the layout of any prison;

**(h)** MODOC policies which are not made available to the general public; and

**(i)** Documents which Centurion believes in good faith contains confidential, proprietary, or private business information, the disclosure of which would create a substantial risk of serious financial and/or business harm to Centurion, provided that Centurion has taken steps to protect such information from public disclosure.

Information or documents that are available to the public may not be designated as "Confidential Information."

3. **Definition of Attorneys' Eyes Only Information.** As used in this Protective Order, "Attorneys' Eyes Only" information may be designated as such by the producing Party and limited to the following categories of information or documents:

**(a)** Home addresses, telephone numbers, and email addresses of MODOC or Centurion personnel, employees, and/or agents.

Under no circumstances will home addresses of prison or Centurion staff be produced or otherwise disseminated to anyone other than counsel entered in this case due to the safety and security issues.

4. **Additional Designations.** If in the course of this matter any Party has a good faith basis to believe that additional categories of documents or information constitute Confidential Information or Attorneys' Eyes Only Information and should be added to paragraphs 2 and 3, above, the producing Party shall meet and confer with all Parties to determine whether additional categories of documents and information should be so designated.

5. **Documents and Information that Show Criminal Activity.** Documents and information produced in this matter which relate to how Brandon Pace died may be designated as

Confidential Information. However, in the event a Party objects to such designation because such documents or information show that a crime was or may have been committed, the responsible parties to the crime, and further information relating to any elements of a crime, that Party can avail themselves of paragraph 12, below, and attempt to de-designate such documents and information.

6. **Form and Timing of Designation.** The producing Party may designate documents as containing Confidential Information and therefore subject to protection under this Protective Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. The producing Party may designate documents as containing Attorneys' Eyes Only Information and therefore subject to protection under this Protective Order by marking or placing the words "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. The designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall collectively be referred to as the "Marking(s)."

As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Attorneys' Eyes Only Information. The Markings will be applied prior to or at the time the documents are produced or disclosed. Applying the Markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes recognized in this Protective Order. Copies that are made of any designated documents must also bear the Markings, except that indices, electronic databases, or lists of documents that do not

contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Attorneys' Eyes Only Information are not required to be marked.

By designating a document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" the designating attorney thereby certifies that the document contains Confidential Information as defined in this Protective Order, and by designating a document as "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" the designating attorney thereby certifies that the document contains Attorneys' Eyes Only Information as defined in this Protective Order. By Marking documents and information as Confidential Information or Attorneys' Eyes Only Information, the producing Party admits that the document or information is authentic for purposes of Rules 803(6) and/or 901 through 903 of the Federal Rules of Evidence. This provision does not impact any other argument(s) any Party may have as to the admissibility of the designated documents or information.

7. **Redactions of PII.** To the extent that PII can be redacted from a document, as opposed to the entire document being designated as containing Confidential Information or Attorneys' Eyes Only Information, the producing Party shall so redact the document. All redactions shall be maintained on a redaction log produced within 30 days of such redacted documents being produced.

8. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

9. **Depositions.** Deposition testimony will be deemed confidential only if

designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

10. **Protection of Confidential Material.**

    (a) **General Protections.** Designated Confidential Information may be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, and subject to the protections provided in this Protective Order.

    (b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating Party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

        (1) The Parties to this litigation or the designated employee of a Party, with disclosure only to the extent necessary to assist that Party in this case, and only in compliance with paragraph 14 of this Protective Order;

        (2) Counsel for the Parties, including in-house counsel, and all paralegals, secretaries, stenographic, and clerical employees working under the direction of such counsel;

        (3) The Court and Court personnel, including any special master appointed by the Court, and members of the jury to the extent necessary to assist in this case;

        (4) Court reporters, recorders, and videographers engaged for depositions;

        (5) Any mediator appointed by the Court or jointly selected by the Parties;

        (6) Persons or entities consulted to assist counsel for Plaintiff and Defendants in the prosecution or defense of this litigation, including outside consultants and experts retained by Plaintiff and Defendants to assist counsel for the purposes of prosecuting or defending this litigation who are apprised of the necessity of maintaining the confidentiality of such material;

        (7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will

       assist the witness in recalling, relating, or explaining facts or in testifying, and only provided such witness and his or her counsel is informed of the protective order, may not retain Confidential Information, and are apprised of the necessity of maintaining the confidentiality of such material; and

  (8)  Other persons only upon the written consent of the producing Party and on such conditions as the Parties may agree.

  **(c)**  It shall be the responsibility of counsel to bring this Protective Order to the attention of all persons within their respective firms and all agents, persons or entities consulted to whom they disclose protected material, and to request that all such persons comply with the terms of this Protective Order. Except for counsel of record in this action and its employees and those persons described in paragraph 10(b)(3), any person to whom Confidential material is disclosed shall, prior to or contemporaneously with receiving such material, be furnished with a copy of this Protective Order.

  **(d)**  **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Protective Order. Counsel for the Parties shall report any breach of the provisions of this Protective Order to counsel for the Party whose protected material was divulged or compromised as soon as reasonably possible, subject to counsel's ethical obligations to his or her client. Upon discovery of any breach, the reporting Party shall take reasonable action to cure the violation and retrieve any Confidential Information that may have been disclosed to persons not covered by this Protective Order.

  **11.**  **Filing of Confidential Information.** If a Party seeks to file any document containing Confidential Information subject to protection under this Protective Order, that Party must take appropriate action to ensure that the document receives proper protection from public

disclosure, such as: (a) filing a redacted document with the consent of the Party who designated the document as confidential and providing the Court with an un-redacted version at the time the documents are filed; or (b) seeking leave to file the document under seal by filing a motion for leave to file under seal. Nothing in this Protective Order will be construed as a prior directive to allow any document to be filed under seal. The parties are on notice that mere designation of filings as Confidential Information is unlikely to justify sealing documents. Rather, the party seeking leave to file under seal should explain how maintenance of confidentiality outweighs the public right of access. IDT Corp. v. eBay, 709 F.3d 1220, 1223-24 (8th Cir. 2013). Further, the Court encourages the parties to consider alternate means to prevent the disclosure of Confidential Information (e.g., redactions).

12. **Discovery Disputes; Challenges to a Confidential Designation.** If a party disagrees with the designation of any information as confidential or attorneys' eyes only, such party shall first make its objection known to the producing party and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis, and consistent with the requirements **of L.R. 37.** If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than 10 days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as confidential or attorneys' eyes only is on the party making such designation. Until there is a determination by the Court, the information at issue shall be treated as confidential or attorneys' eyes only and subject to the terms of this Protective Order. Any failure to object to any material being designated as confidential or attorneys' eyes only shall not be construed as an admission by any non-designating party that the material constitutes or contains confidential or attorneys' eyes only information.

7

**13.      Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or anticipates that another Party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**14.      Obligations on Conclusion of Litigation.**

   **(a)      Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

   **(b)      Return of Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the Party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so.

   **(c)      Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as

that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Protective Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

15. **Enforcement of Protective Order.** Even after the final disposition of this case, a Party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Protective Order. See Flynt v. Lombardi, 782 F.3d 963, 966 n.2, 967 (8th Cir. 2015) (per curiam).

16. **No Prior Judicial Determination.** Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information or Attorneys' Eyes Only Information by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

17. **Applicability to Parties Later Joined.** If additional persons or entities become Parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Protective Order.

18. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Attorneys' Eyes Only Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three business

days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order and deliver a copy of this promptly to the Party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information or Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating Party bears the burden and the expense of seeking protection in that court of its Confidential Information or Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Information designated by the other Party to this case.

19. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** This Protective Order does not constitute a waiver of any claim of attorney-client privilege or attorney work-product protection that might exist with respect to documents, information, or other evidence that may be produced during the course of this litigation. Upon determining that a document, information, or other evidence was produced to which the producing Party has a basis for claiming privilege or protection from discovery, the Party making this determination shall notify the other Party and the receiving Party must not use or disclose the document, information, or evidence; must return or destroy the specified document, information, or evidence and any copies of it; and, if the document, information, or

evidence has been disclosed before the notification, must take reasonable steps to retrieve the document, information, or evidence. If the receiving Party disputes the claim of privilege or protection from discovery, that Party must still comply with the duties set out in the previous sentence until such time as the dispute is voluntarily resolved or the issue is presented to the court and the claim of privilege or protection from discovery denied. The producing Party must preserve the document, information, or evidence until any such claim is resolved. All claims of attorney-client privilege, attorney work product, or any other claimed privileges, must be logged on a privilege log, produced within 30 days of any such privileges being claimed.

    IT IS SO ORDERED.

Dated: <u>December 17, 2024</u>　　　　　　　　　<u>/s/ Brian C. Wimes　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT