**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| TAMMY REED, | ) | |
| Individually and as next-of-kin of | ) | |
| Brandon Pace, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CV-04152-BCW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Attorneys' Fees Associated with the Motion for Clerk's Entry of Default against MDOC Defendants Montes and Endsley. (Doc. #224). The Court, being duly advised of the premises, denies said motion.

On October 22, 2025, Plaintiff's counsel provided notice of intent to move for default against MDOC Defendants Leonard Montes and Edward Endsley pursuant to Local Rule 55.1(a)(1) due to Montes's and Endsley's failure to properly respond to Plaintiff's second amended complaint. (Doc. #224-1 at 4, 15-16). Montes and Endsley did not cure the deficiency, and Plaintiff filed a motion for clerk's entry of default against these defendants on November 7, 2025. (Doc. #164).

On January 14, 2026, the Court ordered Montes and Endsley to show cause why Clerk's entry of default should not be entered. (Doc. #202). MDOC Defendants, including Montes and Endsley, promptly filed a response (Doc. #205) and a motion for leave to file an answer to the second amended complaint out of time (Doc. #206). Thereafter, the Court denied Plaintiff's

motion for entry of default against Montes and Endsley and granted MDOC Defendant's motion for leave to answer out of time. (Doc. #207).

Around the same time as Plaintiff began the default judgment process with Montes and Endsley, the Court resolved similar pleading deficiencies with certain other MDOC Defendants. (Docs. #170, #191). Those MDOC Defendants did not respond to an order to show cause why Plaintiff should not be awarded attorneys' fees after the Court denied a motion for entry of default against them. Because those MDOC Defendants did not object to Plaintiff's request, the Court awarded $4,040.00 in fees to Plaintiff, approximately half the amount requested. (Doc. #191). Plaintiff states the MDOC Defendants have not yet paid this award. (Doc #224).

Here, Montes and Endsley have opposed Plaintiff's requested fees. (Doc. #235). Montes and Endsley explain that turnover within the Missouri Attorney General's Office, specifically with lead counsel on this case, attributed to the delay in responding to pleadings. Counsel notes that, throughout this period, Montes and Endsley actively participated in discovery. Montes and Endsley argue a monetary sanction under these circumstances is not appropriate because there is no bad faith or willful misconduct.

The Court agrees with Montes and Endsley as they have demonstrated excusable neglect for their delayed answer. See Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (stating "excusable neglect" generally encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence" if "accompanied by a showing of good faith and some reasonable basis for not complying").

Staffing changes at the AG's Office coupled with the number of MDOC Defendants and issues raised in the second amended complaint could reasonably cause delays and unintended errors and/or omissions in the pleadings. But Montes and Endsley participated in discovery while

2

the parties and the Court addressed the various pleading deficiencies. Although Montes and Endsley may have been in default on paper, they were actually defending themselves from the time Plaintiff named them defendants. Under these circumstances, a sanction of attorneys' fees is not warranted.

That said, failure to abide by procedural rules moving forward will be closely scrutinized. Any violation by any party may warrant sanctions. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Attorneys' Fees Associated with the Motion for Clerk's Entry of Default against MDOC Defendants Montes and Endsley (Doc. #224) is DENIED.

IT IS SO ORDERED.


DATED: April 21, 2026                    /s/ Brian C. Wimes
                                         BRIAN C. WIMES, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT