TAMMY REED,                                    )
Individually and as next-of-kin of            )
Brandon Pace, deceased,                        )
                                               )
                    Plaintiff,                 )
                                               )
v.                                             )          Case No. 2:24-CV-04152-BCW
                                               )
MISSOURI DEPARTMENT OF                         )
CORRECTIONS, et al.,                           )
                                               )
                    Defendants.                )

## ORDER

Before the Court is Plaintiff's motion for leave to file a third amended complaint. (Doc. #296). The Court, being duly advised of the premises, denies said motion.

On September 5, 2024, Plaintiff Tammy Reed filed this action against Defendants alleging constitutional and state law claims related to the death of her son, Brandon Pace, while he was in custody at the Tipton Correctional Center. (Doc. #1).

On June 27, 2025, with leave of Court, Plaintiff filed a Second Amended Complaint alleging twelve counts against over thirty defendants. (Doc. #117). Relevant here, Plaintiff alleges Counts 6 and 7 against Defendants Anne Precythe, Trevor Foley, Matt Sturm, Valarie Moseley, Travis Terry, Matt Briesacher, and Brock Van Loo (hereinafter, "MDOC Officials") in their official capacities.

On January 29, 2026, the MDOC Defendants[1] filed a motion for judgment on the pleadings, arguing the MDOC Officials had sovereign immunity for any official capacity claims. (Doc. #221).

---

[1] Defendants Missouri Department of Corrections ("MDOC"), Anne Precythe, Trevor Foley, Matt Sturm, Valarie Moseley, Travis Terry, Matt Briesacher, Brock Van Loo, Terry Payne, Randy Witt, Jason Kimbell, Jo Moller, Billie Webb, Curtis Smith, Robert May, Edward Endsley, Leonard Montes, Lane Barker, John Samuel, and Stephen Ward

1

On February 12, 2026, in response to the MDOC Defendants' motion, Plaintiff agreed to dismiss Counts 6 and 7 as to the MDOC Officials in their official capacity and requested leave to amend to name the MDOC Officials in their individual capacity. (Doc. #233). Plaintiff did not file a separate motion for leave to amend at that time or attach a proposed amended complaint.

On April 13, 2026, the Court summarily denied the MDOC Defendants' motion for judgment on the pleadings and did not specifically address Plaintiff's request for leave to amend. (Doc. #277). On the same day, the MDOC Defendants filed a motion for summary judgment arguing the official capacity claims in Counts 6 and 7 are barred by sovereign immunity. (Doc. #281 at 8–10).

On May 4, 2026, Plaintiff filed the instant motion seeking leave to file a third amended complaint alleging Counts 6 and 7 against the MDOC Officials in their individual capacities. (Doc. #296). Plaintiff argues there is no undue delay or bad faith, and the amendment is not futile.

Under Federal Rule of Civil Procedure 15, "the court should freely give leave when justice so requires." See also GWG DLP Funding V, LLC v. PHL Variable Ins. Co., 54 F.4th 1029, 1036 (8th Cir. 2022). But "plaintiffs do not have an absolute or automatic right to amend." U.S. ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). "Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004) (internal quotation marks omitted). Under Local Rule 15.1, a party seeking to amend a pleading must set forth a concise statement of the amendment or leave sought and attach the proposed pleading to the motion.

Having considered the totality of the circumstances, Plaintiff's motion is denied. Plaintiff has known since at least January 29, 2026, about Defendants' sovereign immunity argument for

Counts 6 and 7, but Plaintiff did not properly seek leave to amend until May 4, 2026. The request for leave to amend that Plaintiff included in her opposing suggestions to the MDOC Defendants' motion for judgment on the pleadings did not comply with L.R. 15.1.

Moreover, Plaintiff did not file a motion for leave to amend until three weeks after the Court denied the motion for judgment on the pleadings, and three weeks after the MDOC Defendants filed their motion for summary judgment. Plaintiff filed her motion 20 months after the initiation of this suit, 10 months after the Second Amended Complaint was filed, and approximately one year after the Court's deadline to amend pleadings expired. See (Doc. #87). Plaintiff has not demonstrated due diligence, despite having had ample time to seek leave to amend. To the contrary, Plaintiff has demonstrated undue delay.

Also, allowing Plaintiff to file a third amended complaint at this stage would prejudice Defendants. The MDOC Defendants' motion for summary judgment is fully briefed and ripe for disposition, and trial is scheduled to begin next month. Amending the complaint would also initiate a new round of motions to dismiss on the eve of trial and is, consequently, entirely impractical and inappropriate given the trial date. See Mercantile Tr. Co. Nat. Ass'n v. Inland Marine Prods. Corp., 542 F.2d 1010, 1013 (8th Cir. 1976) ("Like the boy who cried 'wolf!', a litigant who seeks a third amendment that will cause further delay on the eve of trial carries a heavy burden."). For these reasons, Plaintiff's motion is denied. Accordingly, it is hereby

ORDERED Plaintiff's motion for leave to file a third amended complaint. (Doc. #296) is DENIED.

IT IS SO ORDERED.

Dated: <u>June 10, 2026</u>                                  <u>/s/ Brian C. Wimes</u>
                                                              BRIAN C. WIMES, CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT