# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

TAMMY REED,                                           )
Individually and as next-of-kin of                    )
Brandon Pace, deceased,                               )
                                                      )
                        Plaintiff,                    )
                                                      )
v.                                                    )          Case No. 2:24-CV-04152-BCW
                                                      )
MISSOURI DEPARTMENT OF                                )
CORRECTIONS, et al.,                                  )
                                                      )
                        Defendants.                   )

## ORDER

Before the Court is the Centurion Defendants'[1] motions to exclude testimony and opinions of Dr. Timothy Hughes, MD, and Paul Adee. (Docs. #254, #255). The Court, being duly advised of the premises, grants in part and denies in part said motions.

## BACKGROUND

On September 5, 2024, Plaintiff Tammy Reed, on behalf of herself and as next-of-kin for her son Brandon Pace ("Decedent"), filed this action against the Centurion Defendants and others alleging constitutional and state law claims related to the death of Decedent while he was in the custody of the Missouri Department of Corrections ("MDOC") at the Tipton Correctional Center. (Doc. #1).

On June 27, 2025, with leave of Court, Plaintiff filed a Second Amended Complaint alleging twelve counts against over thirty defendants, including the Centurion Defendants, MDOC, MDOC officials, prison officials, and correctional officers.[2] (Doc. #117). The Centurion

---

[1] Centurion of Missouri, LLC, MHM Services, Inc., Anna Mefford, Cara Conner, and Nicole Townsend
[2] On July 6, 2026, MDOC, MDOC officials, prison officials, and correctional officers notified the Court that they reached a settlement with Plaintiff resolving all claims alleged against them. (Doc. #342).

Defendants moved to dismiss the claims against them (Doc. #126), which the Court granted in part, dismissing Counts 6 and 7 against the individual medical personnel defendants. (Doc. #171).

On March 13, 2026, the Centurion Defendants filed a motion for summary judgment on all remaining counts against them. (Doc. #253). On June 3, 2026, the Court granted in part and denied in part said motion, leaving the following claims pending: Count 4 against the Centurion Defendants; Count 6 against Centurion of Missouri and MHM Services; Count 7 against Centurion of Missouri and MHM Services; Count 8 against the Centurion Defendants; Count 10 against Townsend, Mefford, and Connor; Count 11 against Townsend, Mefford, and Connor; and the claim for punitive damages. (Doc. #312).

Contemporaneously with their motion for summary judgment, the Centurion Defendants also filed the two instant motions to exclude the testimony and opinions of Plaintiff's experts, Dr. Timonthy Hughes, MD, and Paul Adee. (Docs. #254, #255). As explained below, the motions to exclude are granted in part and denied in part.

## LEGAL STANDARD

Fed. R. Civ. P. 702 governs the admissibility of expert testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). The party offering a witness under Rule 702 bears the burden to establish: (a) the expert's specialized knowledge will assist the jury; (b) the expert's testimony is based on sufficient facts and data; (c) the expert's testimony is based on reliable principles and methods; and "(d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Civ. P. 702(a)-(d); Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). The reliability and relevance of an expert's testimony is established by "the specific relationship between an expert's method, the proffered conclusions, and the particular factual circumstances of the dispute . . ." Gianfrisco v. Excelsior Youth Ctrs., Inc., Civil Action No. 10-cv-00991-PAB-KMT, 2012 WL 2890916, *1 (D. Colo. 2012).

2

The Court has broad discretion in deciding whether to admit or exclude expert witness testimony. Clark v. Hedrick, M.D., 150 F.3d 912, 915 (8th Cir. 1998). Doubts as to the usefulness of expert testimony should be resolved in favor of admissibility. Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 562 (8th Cir. 2014). In the context of a motion to strike, an expert's opinion should not be excluded unless it is either excessively speculative or unsupported by sufficient facts. See Hale Cty. A & M Transp., LLC v. City of Kansas City, Mo., 998 F. Supp. 2d 838, 844 (W.D. Mo. 2014) (citing Onyiah v. St. Cloud State Univ., 684 F.3d 711, 720 (8th Cir. 2012)).

## ANALYSIS

**A.      The Centurion Defendants' motion to exclude the testimony and opinions of Dr. Timothy Hughes, MD, (Doc. #254) is granted in part and denied in part.**

The Centurion Defendants argue (1) Dr. Hughes is not qualified to opine as to the conduct of an emergency medical doctor or offer causation opinions on the issues of forensic pathology or toxicology; (2) Dr. Hughes' standard of care opinions are based on unreliable principles and methods and based on a misunderstanding of the standard of care, and his deliberate indifference opinions are based on a misunderstanding of the definition of deliberate indifference; (3) Dr. Hughes' opinions were formulated without reviewing testimony from correctional officer witnesses; (4) Dr. Hughes' opinions regarding Decedent's autopsy are unreliable; and (5) Dr. Hughes' report does not comply with Rule 26. (Doc. #254).

In opposition, Plaintiff argues (1) Dr. Hughes has years of experience providing clinical oversight in correctional medicine, including the standard of care; (2) Dr. Hughes properly applied the standard of care to the facts of this case: (3) Dr. Hughes' opinions support a finding of deliberate indifference; (4) Dr. Hughes satisfied the Rule 26 disclosure requirements; and (5) Dr. Hughes' testimony will assist the trier of fact in understanding complex medical issues in the correctional setting. (Doc. #261).

3

The Court, having reviewed Dr. Hughes' report and deposition testimony, finds Dr. Hughes has specialized knowledge of health care in a correctional facility environment that could assist the jury when deciding this case. Although Dr. Hughes's standard of care opinion is not plainly set forth in his report, his deposition testimony cures said deficiency. The Centurion Defendants' experts did not file their reports until after Dr. Hughes' deposition; therefore, the defense experts had the opportunity consider and respond to Dr. Hughes' opinions. Any prejudice the Centurion Defendants may have suffered by Dr. Hughes' report was remediated by the availability of his deposition testimony. The Centurion Defendants' motion to exclude Dr. Hughes' opinions as to the applicable standard of care is denied.

By contrast, the Centurion Defendants' motion to exclude Dr. Hughes' opinions as to Decedent's cause of death, toxicology generally, and nurse credentialing is granted. Dr. Hughes admits he is not an expert in toxicology and has not conducted an autopsy since 2001. His experience with medical credentialing is tenuous; he has served as a member of a committee that relied on others to gather information concerning the credentials of employees. Further, some of his opinions are too speculative (i.e., the treatment Decedent would have received had he been transferred to the hospital) or unsupported by sufficient facts (i.e., accuracy of the autopsy report). The Centurion Defendants' motion to exclude Dr. Hughes' opinions as to the Decedent's cause of death, toxicology, and/or credentialing is granted.

The Centurion Defendants' remaining bases for exclusion go to the weight and credibility of Dr. Hughes' opinions and testimony, not its admissibility. See Loudermill v. Dow Chem. Co., 863 F.2d 566, 570 (8th Cir. 1988) ("As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."); see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary

4

evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

For these reasons, Dr. Hughes is prohibited from offering opinions concerning alternative causes of death, toxicology, nurse credentialing, hypothetical hospital treatment, and the accuracy of the autopsy. His opinions are limited to those espoused in his initial report dated January 14, 2026, and his deposition testimony, and only to the extent the opinions are based on evidence admitted at trial. The Centurion Defendants' motion to exclude Dr. Hughes' testimony is accordingly granted in part and denied in part.

**B.      The Centurion Defendants' motion to exclude the testimony and opinions of Paul Adee (Doc. #255) is granted in part and denied in part.**

The Centurion Defendants argue Paul Adee's testimony and opinions should be excluded because he is not qualified to opine on medical care issues and his methodology is unreliable. (Doc. #255). In opposition, Plaintiff concedes Mr. Adee is not qualified to testify regarding a medical standard of care but is qualified to testify about operational issues, including decontamination following the use of pepper spray. (Doc. #260).

Upon review of Mr. Adee's report, the Court finds Mr. Adee is qualified to testify about the general operations of a correctional facility and the general role of medical providers in a correctional facility based on his 32-year correctional career, during which he served in various roles including correctional officer, supervisor, trainer, jail inspector, and jail administrator, and oversaw the delivery of healthcare to inmates in a correctional facility. He is also qualified to testify regarding pepper spray decontamination procedures that are applicable to all staff within a correctional facility. So, Mr. Adee may properly opine whether the Centurion Defendants' efforts to decontaminate Decedent on April 7, 2023, met correctional standards of care; however, by contrast, he may not properly testify whether those efforts met the medical standard of care.

5

Further, Mr. Adee's opinions concerning pepper spray decontamination are grounded in principles and guidance described by the United States Department of Justice, the International Association of Chiefs of Police, the manufacturer of riot pepper spray, and an article in American Jails Magazine, as well as his personal experience with pepper spray. Therefore, the Centurion Defendants' objection to Mr. Adee's opinions based on methodology is overruled or denied.

The Court notes that some of Mr. Adee's opinions may not be relevant to the claims against the Centurion Defendants. To the extent necessary, the Court will address any relevancy objections during the course of the trial.

For these reasons, Mr. Adee is prohibited from providing opinions on the medical standard of care and whether the Centurion Defendants met the medical standard of care. However, Mr. Adee is permitted to testify regarding the general operation of a correctional facility and the general role of medical providers in a correctional facility. He is also permitted to testify regarding decontamination procedures applicable to all correctional staff and opine whether the Centurion Defendants complied with the correctional standard of care during their decontamination efforts. The Centurion Defendants' motion to exclude Mr. Adee's testimony and opinions is thus granted in part and denied in part.

These rulings are preliminary in nature, and the Court may further expand or limit the testimony of expert witnesses at trial as circumstances require. Accordingly, it is hereby

ORDERED the Centurion Defendants' motion to exclude the testimony and opinions of Dr. Timothy Hughes, MD (Doc. #254) is GRANTED IN PART and DENIED IN PART. Dr. Hughes shall not offer opinions concerning alternative causes of death, toxicology, nurse credentialing, hypothetical hospital treatment, and the accuracy of the autopsy. His opinions are limited to those espoused in his initial report dated January 14, 2026, and his deposition testimony, and limited based on evidence admitted at trial. It is further

6

ORDERED the Centurion Defendants' motion to exclude the testimony and opinions of Paul Adee (Doc. #255) is GRANTED IN PART and DENIED IN PART. Mr. Adee shall not offer opinions on the medical standard of care and whether the Centurion Defendants met the medical standard of care.

IT IS SO ORDERED.

Dated: <u>July 14, 2026</u>                                   <u>/s/ Brian C. Wimes</u>
                                                             BRIAN C. WIMES, CHIEF JUDGE
                                                             UNITED STATES DISTRICT COURT

7