# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| TAMMY REED,<br>Individually and as next-of-kin of<br>Brandon Pace, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:24-CV-04152-BCW |

## <u>ORDER</u>

On July 29, 2026, the Centurion Defendants submitted alternate and/or additional jury instructions, which are attached below as Defendants' Alternative Instruction C through U. The Court rejects the Centurion Defendants' proposed alternative instructions for the reasons set forth on the record at trial.

IT IS SO ORDERED.


Dated: <u>August 5, 2026</u>               /s/ Brian C. Wimes                           
                                BRIAN C. WIMES, CHIEF JUDGE
                                UNITED STATES DISTRICT COURT

**DEFENDANTS' ALTERNATIVE INSTRUCTION C**

Instruction No. __:

Your verdict must be for plaintiff Tammy Reed and against defendant Nicole Townsend on plaintiff's claim for deliberate indifference to serious medical needs if all the following elements have been proved:

*First*, Brandon Pace had a serious need for treatment for methamphetamine toxicity;

*Second*, defendant Nicole Townsend was aware of Brandon Pace's serious need for medical care for methamphetamine toxicity;

*Third,* the defendant, with deliberate indifference, failed to provide the medical care; and

*Fourth,* as a direct result, Brandon Pace died;

If any of the above elements has not been proved, then your verdict must be for the defendant.

**Source:** *8th Circuit Model Civil Jury Instructions,* Nos. 4.43

1

**DEFENDANTS' ALTERNATIVE INSTRUCTION D**

Instruction No. ___:

Your verdict must be for plaintiff Tammy Reed and against defendant Anna Mefford on plaintiff's claim for deliberate indifference to serious medical needs if all the following elements have been proved:

*First*, Brandon Pace had a serious need for treatment for methamphetamine toxicity;

*Second*, defendant Anna Mefford was aware of Brandon Pace's serious need for medical care for methamphetamine toxicity;

*Third,* the defendant, with deliberate indifference, failed to provide the medical care; and

*Fourth,* as a direct result, Brandon Pace died;

If any of the above elements has not been proved, then your verdict must be for the defendant.

**Source:** *8th Circuit Model Civil Jury Instructions,* Nos. 4.43

2

**DEFENDANTS' ALTERNATIVE INSTRUCTION E**

Instruction No. ___:

Your verdict must be for plaintiff Tammy Reed and against defendant Cara Conner on plaintiff's claim for deliberate indifference to serious medical needs if all the following elements have been proved:

*First*, Brandon Pace had a serious need for treatment for methamphetamine toxicity;

*Second*, defendant Cara Conner was aware of Brandon Pace's serious need for medical care for methamphetamine toxicity;

*Third,* the defendant, with deliberate indifference, failed to provide the medical care; and

*Fourth,* as a direct result, Brandon Pace died;

If any of the above elements has not been proved, then your verdict must be for the defendant.

**Source:** *8th Circuit Model Civil Jury Instructions,* Nos. 4.43

3

**DEFENDANTS' ALTERNATE INSTRUCTION F**

Instruction No. 37: Unconstitutional Policies, Customs, and Practices -- Centurion of Missouri, LLC

Your verdict must be for Plaintiff Tammy Reed and against Defendant Centurion of Missouri, LLC on Plaintiff's claim that Centurion of Missouri had an unofficial custom of providing insufficient assessments if all the following elements have been proved:

First, that either Nicole Townsend, Anna Mefford or Cara Conner deprived Brandon Pace of his constitutional rights as specified in Instructions ___; and

Second, the deprivation of Brandon Pace's constitutional rights directly resulted from an unofficial custom; and

Third, as a direct result, Brandon Pace died.

If any of the above elements has not been proved, then your verdict must be for the defendant.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 4.49

4

# DEFENDANTS' ALTERNATE INSTRUCTION G

Instruction No. \_\_: Failure To Train Or Supervise -- Centurion of Missouri, LLC

Your verdict must be for plaintiff Tammy Reed and against defendant Centurion of Missouri, LLC for supervisory liability for failure to train if all the following elements have been proved:

First, the nurses acting under the defendant's supervision violated Brandon Pace's constitutional rights as specified in Instructions \_\_\_\_\_ above; and

Second, the Defendant had notice of a pattern of unconstitutional acts by nurses acting under its supervision; and

Third, the Defendant's training practices were inadequate; and

Fourth, Defendant was deliberately indifferent in failing to train the nurses, such that the failure to train reflects a deliberate or conscious choice by the Defendant; and

Fifth, as a direct result, Brandon Pace died.

If any of the above elements has not been proved, then your verdict must be for the defendant.

**Source:** *8th Circuit Model Civil Jury Instructions*, No. 4.48

5

**DEFENDANTS' ALTERNATE INSTRUCTION H**

Instruction No. __: Damages — Actual: Prisoner Civil Rights

If you find in favor of the plaintiff under Instructions ___, ____, ____, _____, or ___, then you must award the plaintiff an amount of money that will fairly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of the death of Brandon Pace.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 4.70 (modified)

6

# DEFENDANTS' ALTERNATE INSTRUCTION I

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instructions _____, and if it has been proved that the conduct of that defendant as submitted in Instructions was malicious or in reckless indifference to Brandon Pace's serious medical needs, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future. You should presume that plaintiff has been made whole for her injuries by the damages awarded under Instruction _____.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered was physical or economic or both; whether there was violence, deceit, intentional malice, or reckless disregard for human health or safety; whether the defendant's conduct that harmed Brandon Pace also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Brandon Pace.

2. How much harm the defendant's wrongful conduct caused the plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for their wrongful conduct toward the plaintiff and to deter or discourage the defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to award punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 4.72

7

## DEFENDANTS' ALTERNATE INSTRUCTION J

Note: Complete the following only if one or more findings on Counts 4, 6 or 7 is in favor of the plaintiff.

We find compensatory damages for the plaintiff to be $_____ (state the amount or, if none, write the word "none.")

We assess punitive damages against defendant Centurion of Missouri, LLC in the amount of: $_____ (state the amount or, if none, write the word "none.")

We assess punitive damages against defendant Nicole Townsend, LPN in the amount of: $_____ (state the amount or, if none, write the word "none.")

We assess punitive damages against defendant Anna Mefford in the amount of: $_____ (state the amount or, if none, write the word "none.")

We assess punitive damages against defendant Centurion of Missouri, LLC in the amount of: $_____ (state the amount or, if none, write the word "none.")

Note: All jurors who agree to the above must legibly sign or print their names below:

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

Date:_____        Foreperson:_____

8

# DEFENDANTS' ALTERNATE INSTRUCTION K

The claim of the plaintiff that the defendants violated Tammy Reed's constitutional right to the companionship and support of Brandon Pace is no longer before you and will not be decided by you.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 2.13

## DEFENDANTS' ALTERNATE INSTRUCTION L

The claims of the plaintiff that the defendants were negligent are no longer before you and will not be decided by you.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 2.13

**DEFENDANTS' ALTERNATE INSTRUCTION M**

The claims of plaintiff against defendant MHM Services, Inc. are no longer before you and will not be decided by you.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 2.13

**DEFENDANTS' ALTERNATE INSTRUCTION N**

The claim of the plaintiff that defendants violated Tammy Reed's constitutional right to the companionship and support of Brandon Pace is no longer a part of this case, so you will not decide that claim.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 3.06

12

## DEFENDANTS' ALTERNATE INSTRUCTION O

The claim of the plaintiff that defendants were negligent is no longer a part of this case, so you will not decide that claim.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 3.06

**DEFENDANTS' ALTERNATE INSTRUCTION P**

The claim of the plaintiff against defendant MHM Services, Inc. is no longer a part of this case, so you will not consider it.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 3.06

**DEFENDANTS' ALTERNATE INSTRUCTION Q**

The evidence you heard regarding other litigation against Centurion of Missouri, LLC may be considered by you only on the question of whether Centurion of Missouri had notice of a pattern of unconstitutional acts as described in Instruction No. _____. It may not be considered for any other purpose.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 2.09

# DEFENDANTS' ALTERNATE INSTRUCTION R

The evidence you heard regarding other litigation against Centurion of Missouri, LLC may be considered by you only on the question of whether Centurion of Missouri had an unofficial custom as described in Instruction No. _____. It may not be considered for any other purpose.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 2.09

16

**DEFENDANTS' ALTERNATE INSTRUCTION S**

You heard evidence in this case regarding conduct of companies affiliated with Centurion of Missouri, LLC.  The conduct of these non-parties is not to be considered as part of the deliberations in this case.  This includes, but is not limited to, any evidence related to the hiring practices any person or company acting on behalf of Centurion of Missouri, LLC.

Source:  In civil litigation, a withdrawal instruction is appropriate when the Court has received evidence upon an issue that is not in the case and should not be submitted to the jury. *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 at n.2 (8th Cir. 1997); *Hopfinger v. Kidder Int'l, Inc.*, 827 F. Supp. 1444, 1449 (W.D. Mo. 1993)

17

**DEFENDANTS' ALTERNATE INSTRUCTION T**

You heard testimony in this case from Tammy Reed and Kaden Baker regarding the impact Brandon Pace's death had on them and other members of Brandon Pace's family. The only damages being submitted to you in these instructions are damages allegedly suffered by Brandon Pace. Any damages of Tammy Reed, Kaden Baker and/or other members of Brandon Pace's family are not to be considered as part of the deliberations in this case.

Source: In civil litigation, a withdrawal instruction is appropriate when the Court has received evidence upon an issue that is not in the case and should not be submitted to the jury. *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 at n.2 (8th Cir. 1997); *Hopfinger v. Kidder Int'l, Inc.*, 827 F. Supp. 1444, 1449 (W.D. Mo. 1993)

**DEFENDANTS' ALTERNATE INSTRUCTION U**

"Maliciously" means intentionally injuring another without just cause.

**Source:** *8th Circuit Model Civil Jury Instructions,* No. 4.24

19